IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RICHARD BILIK, # K-60539, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-cv-00821-MJR |
| | ) | |
| DR. ROBERT SHEARING, | ) | |
| M. MOLDENHAUER, | ) | |
| JOHN TROST, | ) | |
| RICHARD HARRINGTON, | ) | |
| S. A. GODINEZ, | ) | |
| BILLIE W. GREER, | ) | |
| ANGELA GROTT, | ) | |
| JACQUELINE LASHBROOK, | ) | |
| LOUIS SHICKER, | ) | |
| SERGEANT FEDERKE, | ) | |
| RICHARD FERRELL, | ) | |
| CINDY McDANIELS, | ) | |
| GAIL WALLS, | ) | |
| ANGELA CRAIN, | ) | |
| KIMBERY BUTLER, | ) | |
| FE FUENTES, | ) | |
| SANDRA FUNK, | ) | |
| JOHN BALDWIN, | ) | |
| BRUCE RAUNER, | ) | |
| DR. RITZ, | ) | |
| MARC HODGE, | ) | |
| McGLORN, | ) | |
| and UNKNOWN PARTIES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Now before the Court for consideration is the First Amended Complaint (Doc. 12) filed

by Plaintiff Richard Bilik.  Plaintiff is currently incarcerated at Pinckneyville Correctional

Center ("Pinckneyville").  Proceeding *pro se*, he filed this civil rights action against 22 known

and 7 unknown officials who denied him medical care for migraine headaches and neuropathy at

Lawrence Correctional Center ("Lawrence") in 2012-13 and at Menard Correctional Center ("Menard") from 2013-16.  (Doc. 12, pp. 17-44).  He alleges that certain officials conspired to retaliate against him for filing grievances at Lawrence by transferring him to Menard and denying him medical treatment and physical therapy there.  (Doc. 12, pp. 26-44).  Plaintiff now brings claims against the defendants under the First, Eighth, and Fourteenth Amendments, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Rehabilitation Act, 29 U.S.C. §§ 794–94e, and Illinois state law.  (Doc. 12, pp. 17-18, 20).

In connection with these claims, Plaintiff sues four groups of defendants, which he identifies as follows: (1) Lawrence Defendant - Warden Marc Hodge; (2) Menard Defendants - Warden Richard Harrington, Warden Kimberly Butler, Major/Assistant Warden Jacqueline Lashbrook, Correctional Counselor Angela Grott, Grievance Officer John Doe, Lieutenant Richard Ferrell, and Sergeant Federke; (3) Wexford Defendants - Doctor Ritz, Doctor Robert Shearing, Doctor John Trost, Physicians' Assistant ("P.A.") M. Moldenhauer, P.A. Fe Fuentes, P.A. McGlorn, Nursing Director Gail Walls, Nurse Angela Crain, Nurse Cindy McDaniels, Nurse John Does ##1-3, and Nurse Jane Does ##1-3; and (4) State Defendants - Governor Bruce Rauner, IDOC Director John Baldwin, IDOC Director S. A. Godinez, IDOC Medical Director Louis Shicker, Transfer Coordinator Sandra Funk, and Administrative Review Board Member Billie Greer.  (Doc. 12).  Plaintiff seeks monetary damages.  (Doc. 12, pp. 19-26, 44).

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations in the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The First Amended Complaint survives preliminary review under this standard. However, the Court will exercise its authority under § 1915A and dismiss certain claims against the defendants.

## First Amended Complaint

In his First Amended Complaint (Doc. 12), Plaintiff alleges that he suffers from two medical conditions that resulted from a "beating" at Cook County Jail in 2012. (Doc. 12, p. 27). The conditions include migraine headaches and neuropathy. (Doc. 12, pp. 18, 27). Plaintiff's headaches last from 4 hours to 4 days and render him unable to perform normal daily tasks, such as reading, writing, working, eating, or leaving his cell. (Doc. 12, pp. 18, 28, 32). Plaintiff's neuropathy, or chronic nerve damage, causes severe back and generalized body pain. (Doc. 12, p. 18). This condition limits Plaintiff's ability to perform "normal daily tasks and activities,"

such as showering, standing, exercising, and working.  (Doc. 12, pp. 18-19, 28, 32).   A neurologist diagnosed Plaintiff with both conditions and prescribed the following medications for them: Neurontin, Elavil, and Depakote.  (Doc. 12, p. 27).

Plaintiff contends that he was denied adequate medical care for these "serious and excruciatingly painful" conditions at Lawrence and Menard.  (Doc. 12, pp. 17-18).  But beyond alleging that he was incarcerated at Lawrence from October 19, 2012 until June 13, 2013, he sets forth no allegations regarding the medical care he received, or was denied, there.  *Id.*

Plaintiff instead focuses on a claim that Lawrence officials decided to transfer him to Menard in retaliation for filing grievances to complain about the conditions of his confinement at Lawrence.[1]  (Doc. 12, p. 26).   The prison officials allegedly knew at the time of making the transfer decision (*i.e.*, sometime between June 1 and June 14, 2013) that Menard was not handicap accessible.  (Doc. 12, pp. 18, 20).   These officials also knew that Menard lacked physical therapy facilities.  *Id.*   Plaintiff names Warden Marc Hodge in connection with his retaliatory transfer claim, based solely on the warden's role in creating and implementing policies regarding the treatment and transfer of inmates.  (Doc. 12, p. 20).

Plaintiff's medical claims arise from events that transpired at Menard after he transferred there on June 13, 2013.  (Doc. 12, pp. 17-18, 21-22).   Despite the fact that his First Amended Complaint and exhibits total almost 190 pages, the factual allegations offered in support of these claims are thin.

Plaintiff alleges that he met with an unknown intake nurse at Menard.  (Doc. 12, p. 26). He told the nurse about his diagnosis with migraines and neuropathy following his assault at Cook County Jail on March 14, 2012.  (Doc. 12, p. 27).  Plaintiff listed the medications he was

---

[1] He offers no details regarding the nature of these grievances, although he includes numerous grievances in the 140 pages of exhibits that he filed with his First Amended Complaint.  (Doc. 12, pp. 17-18, 26).

prescribed for these conditions. *Id*. Plaintiff also informed the nurse that he required physical therapy. *Id*. The intake nurse made a written record of their conversation. (Doc. 12, pp. 26-27). The nurse then informed Plaintiff that he would not receive any of his medications or physical therapy. (Doc. 12, p. 27).

Plaintiff later learned that Shearing directed Moldenhauer to discontinue his treatment upon his arrival at Menard. *Id*. Shearing would not recognize Plaintiff's diagnosis with either condition. *Id*. Shearing and Fuentes refused to treat Plaintiff or refer him for treatment with an outside specialist, despite his complaints of excruciating pain in numerous sick call requests and grievances. (Doc. 12, pp. 28, 32).

It was not until February 2015 that Doctor Trost, working in conjunction with Doctor Ritz, finally recommended Plaintiff for physical therapy. (Doc. 12, p. 29). However, it appears that Plaintiff never actually received any physical therapy as a result of this referral request. *Id*. Plaintiff claims that the doctors failed to take the steps necessary to complete the referral process. *Id*. In August 2015, Doctor Trost reinstated Plaintiff's prescription medications by prescribing him virtually the same medications that "were stripped from the Plaintiff originally upon intake." (Doc. 12, p. 29). Still, Plaintiff insists that he received no meaningful treatment for either condition until he transferred to Pinckneyville on February 2, 2016. *Id*.

Plaintiff alleges that McDaniels, Walls, Crain, and McGlorn conspired with Shearing, Moldenhauer, Trost, Fuentes, and the intake nurse to retaliate against him for filing these grievance(s) by denying him medical care. (Doc. 12, pp. 27-28). The medical staff simply would not acknowledge either diagnosis. (Doc. 12, p. 28). According to Plaintiff, the diagnoses were difficult to miss and more likely ignored. These defendants should have known about Plaintiff's outside treatment with numerous specialists because the records were included in his

5

medical file.  (Doc. 12, p. 29).  Further, Greer, Harrington, Grott, Butler, Ferrell, Lashbrook, and John Doe (Menard Grievance Officer) were aware of Plaintiff's untreated medical conditions because they either reviewed his grievances or spoke directly to him about the conditions.  (Doc. 12, p. 28).

Plaintiff also blames the denial of treatment on a cost-saving policy espoused by Wexford Health Sources, Inc. ("Wexford")[2] that discourages the formal diagnosis of inmate medical conditions in an effort to avoid the attendant treatment obligations.  (Doc. 12, p. 28).  Citing an expert report prepared in *Lippert v. Godinez*, No. 1:10-cv-04603 (N.D. Ill.), a class action filed in the United States District Court for the Northern District of Illinois, Plaintiff also generally complains of systemic problems in Illinois state prisons that include: (1) consultations with no follow-up appointments (Doc. 12, p. 30); (2) long term vacancies for critical medical staff positions (Doc. 12, p. 31); and (3) Wexford's self-monitoring of services (Doc. 12, p. 31).  However, he does not allege that these system-wide policies caused the denial of his own medical care.  (Doc. 12).

### Discussion

Based on the allegations in the First Amended Complaint, the Court finds it convenient to divide this *pro se* action into the following enumerated counts, which generally track Plaintiff's own characterization of his claims.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion regarding their merit.

**Count 1 –**     Defendants denied Plaintiff medical care for his migraines at Menard from 2013-16, in violation of his federal constitutional

---

[2] Plaintiff does not name Wexford as a defendant in the case caption.  Accordingly, all claims against Wexford are considered dismissed without prejudice.  *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

rights under the Eighth and Fourteenth Amendments and his state constitutional rights under Art. I, §§ 1, 2, 4, 5, 11, 12, 19, and 24. ("Count 1," First Amended Complaint) (Doc. 12, pp. 32-33).

Count 2 –       Defendants denied Plaintiff medical care for his chronic nerve damage and back pain at Menard from 2013-16, in violation of his federal constitutional rights under the Eighth and Fourteenth Amendments and his state constitutional rights under Art. I, §§ 1, 2, 4, 5, 6, 11, 12, 19, and 24. ("Count 2," First Amended Complaint) (Doc. 12, pp. 34-35).

Count 3 –       Defendants committed medical malpractice or negligence[3] in violation of Illinois law when they failed to treat Plaintiff's migraines and neuropathy from 2013-16. ("Count 3," First Amended Complaint) (Doc. 12, pp. 35-36).

Count 4 –       Defendants conspired to retaliate against Plaintiff for filing grievances to complain about the conditions of his confinement by discarding his personal property, denying him access to commissary, transferring him to Menard, and denying him medical care, all in violation of the First Amendment. ("Count 4," First Amended Complaint) (Doc. 12, pp. 37-38).

Count 5 –       Defendants denied Plaintiff access to his prescription medications for both conditions at Menard from 2013-16, in violation of his federal constitutional rights under the Eighth and Fourteenth Amendments. ("Count 5," First Amended Complaint) (Doc. 12, pp. 38-41).

Count 6 –       Defendants conspired to deny Plaintiff equal protection of the law in violation of the Fourteenth Amendment. ("Count 6," First Amended Complaint) (Doc. 12, pp. 41-42).

Count 7 –       Defendants violated Plaintiff's rights under the ADA and Rehabilitation Act by failing to treat his chronic medical conditions and refusing him physical therapy, which rendered him unable to participate in daily activities.  ("Count 7") (Doc. 12, pp. 42-43).

Count 8 –       Defendants are liable to Plaintiff for negligence under the FTCA. (Doc. 12, p. 1).

---

[3] Plaintiff characterizes Count 3 as a "failure to protect" claim against defendants for allowing the negligence or medical negligence described in his First Amended Complaint.  (Doc. 12, pp. 35-36).  This claim is more aptly characterized as a negligence, or medical malpractice, claim under Illinois state law and has been re-characterized as such herein.

7

As discussed in more detail below, Plaintiff shall be allowed to proceed with his Eighth Amendment claims in Counts 1, 2, and 5 against Ritz, Shearing, Trost, Moldenhauer, Fuentes, McGlorn, Walls, Crain, McDaniels, Jane/John Doe (Menard Intake Nurse), Ferrell, John Doe (Menard Grievance Officer), Harrington, Butler, Lashbrook, Grott, and Greer; the Fourteenth Amendment claims and state constitutional claims referred to in these counts shall be dismissed. In addition, Count 7 shall proceed against Salvador Godinez and John Baldwin, the former and current Directors of the Illinois Department of Corrections. However, Counts 3, 4, and 6 shall be dismissed without prejudice and Count 8 shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## Claims Subject to Further Review

### Counts 1, 2, and 5 – Eighth Amendment

The Eighth Amendment prohibits cruel and unusual punishment of prisoners and safeguards them against "a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (quoting *Rodriguez*, 577 F.3d at 828; *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). To state a claim for deficient medical care, a plaintiff must allege that he suffered from an objectively serious medical condition. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). He must also allege that the defendants responded to his medical needs with deliberate indifference. *Id.* at 750.

Plaintiff's migraines and neuropathy are sufficiently serious to support an Eighth Amendment claim at screening. A medical need is considered objectively serious if it has been diagnosed by a physician as requiring treatment or would be obvious to a layperson. *See Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citing *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir.

2009)).  Plaintiff alleges that a neurologist diagnosed him with both conditions and prescribed him Neurontin, Elavil, and Depakote for them.  If left untreated, the pain associated with the conditions allegedly limits or prevents Plaintiff from performing daily tasks.  These allegations support a finding that Plaintiff's medical needs were objectively serious.

Prison officials act with deliberate indifference, when they "know of and disregard an excessive risk to inmate health."  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).  They must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and they "must also draw the inference."  *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  The receipt of some medical care does not defeat a claim of deliberate indifference, if the treatment is "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate a medical condition."  *Edwards v. Snyder*, 478 F.3d 827, 832 (7th Cir. 2007).  In addition, a delay in providing medical treatment "may constitute deliberate indifference if such delay exacerbate[s] the injury or unnecessarily prolong[s] an inmate's pain."  *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *Farmer*, 511 U.S. at 842.

The First Amended Complaint includes sufficient allegations to state a deliberate indifference claim under the Eighth Amendment in Counts 1, 2, and 5 against Defendants Ritz, Shearing, Trost, Moldenhauer, Fuentes, McGlorn, Walls, Crain, McDaniels, and Jane/John Doe (Menard Intake Nurse).[4]  Plaintiff asserts that each of these defendants knew he suffered from chronic pain associated with migraines and neuropathy.  They also knew he needed medical

---

[4] Although Plaintiff does not specifically name "Jane/John Doe (Menard Intake Nurse)" as a defendant in the case caption, the Court will allow him to proceed with the Eighth Amendment claims in Counts 1, 2, and 5 against this defendant.  Plaintiff did name six unknown nurses as defendants in the case caption, and, in doing so, indicated that he intends to pursue claims against members of Menard's nursing staff.  However, he referred to none of them in his statement of claim.  Although these six defendants shall be dismissed based on the lack of allegations against them, the Clerk will be directed to replace them with "Jane/John Doe (Menard Intake Nurse)" as a defendant in CM/ECF.

treatment that included prescription medication and physical therapy. However, these defendants either refused to acknowledge his diagnoses pursuant to Wexford's policy or practice of discouraging a formal diagnosis in order to avoid the attendant treatment obligations, or they made a conscious decision to deny him treatment for more than two years. Further review of the Eighth Amendment claims in Counts 1, 2, and 5 is warranted against Defendants Ritz, Shearing, Trost, Moldenhauer, Fuentes, McGlorn, Walls, Crain, McDaniels, and John/Jane Doe (Menard Intake Nurse).

The First Amended Complaint also includes sufficient allegations to state deliberate indifference claims under the Eighth Amendment in Counts 1, 2, and 5 against the following grievance officials: Harrington, Butler, Lashbrook, Grott, Greer, Ferrell, and John Doe (Menard Grievance Officer). Plaintiff alleges that he submitted grievances to these supervisory officials to complain about the denial of medical care for his migraines and neuropathy. He filed numerous detailed grievances with the First Amended Complaint.

Under the circumstances, the Court cannot dismiss the Eighth Amendment deliberate indifference claims in Counts 1, 2, and 5 against the grievance defendants at this early stage. It is true that these defendants cannot be held liable for the alleged violation of Plaintiff's constitutional rights merely because they serve in a supervisory role at the prison. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). However, "[a]n inmate's correspondence to a prison administrator may . . . establish a basis for personal liability under § 1983 where that correspondence provides sufficient knowledge of the

constitutional deprivation." *See Perez*, 792 F.3d at 781-82. The grievances included with the First Amended Complaint are, indeed, detailed and were directed to these defendants. Accordingly, the Court will also allow Plaintiff to proceed with the Eighth Amendment claims in Counts 1, 2, and 5 against the grievance officials (Harrington, Butler, Lashbrook, Grott, Greer, Ferrell, and Grievance Officer Doe).

In summary, the Eighth Amendment deliberate indifference to medical needs claims in Counts 1, 2, and 5 against Defendants Ritz, Shearing, Trost, Moldenhauer, Fuentes, McGlorn, Walls, Crain, McDaniels, Intake Nurse Jane/John Doe, Harrington, Butler, Lashbrook, Grott, Greer, Ferrell, and Grievance Officer Doe shall receive further review. The allegations fail to satisfy the *Twombly* pleading standard against all remaining defendants. Therefore, the Eighth Amendment claims in Counts 1, 2, and 5 shall be dismissed without prejudice against all other defendants.

### Count 7 – ADA & Rehabilitation Act

Plaintiff shall be allowed to proceed with his claim of discrimination based on his disability under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. §§ 794-94e. Title II of the ADA provides that "no qualified individual with a disability shall, because of that disability . . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2006). The Rehabilitation Act also prohibits discrimination by entities receiving federal funding (such as state prisons) against qualified individuals based on a physical or mental disability. *See* 29 U.S.C. §§ 794-94e. Discrimination under both includes the failure to accommodate a disability. *Jaros v. Illinois Dep't of Corrections*, 684 F.3d 667, 671 (7th Cir. 2012).

At this stage, the Court cannot dismiss the ADA or RA claims.  The allegations suggest that Plaintiff is a qualified individual with a disability.  Courts have found that migraine headaches can rise to the level of a disability under the ADA.  Disability also includes a limitation of one or more major life activities, such as walking, standing, bending, and caring for oneself.  *Jaros*, 684 F.3d at 672.

The allegations also suggest that Plaintiff was denied access to services at the prison because of his disability.  At times, Plaintiff was unable to leave his cell and was bedridden because of his migraines and neuropathy.  The denial of medication and physical therapy only exacerbated his condition and further prevented him from performing normal daily tasks.

Medical services that are denied because of a disability may constitute a violation of the ADA.  *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998).  In contrast, a claim of inadequate medical treatment is improper under the ADA.  *Resel v. Fox*, 26 F. App'x 572, 577 (7th Cir. 2001); *Bryan v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").  At this stage, the allegations support a claim under the ADA and RA based on the denial of medical care and services because of Plaintiff's disability.  Accordingly, the ADA and RA claims in Count 7 shall receive further review.

However, these claims cannot proceed against the individual defendants because individual employees of the IDOC cannot be sued under the ADA or Rehabilitation Act.  *Jaros*, 684 F.3d at 670.  The proper defendant is the relevant state department or agency.  *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670 n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his or her official capacity)).  Plaintiff has not named the IDOC as a defendant, but he has named two IDOC directors, including Salvador Godinez and John Baldwin.  Count 7 shall proceed against these defendants, in their official

capacities only.  The claim shall be dismissed against Directors Godinez and Baldwin, in their individual capacities, and against all other defendants with prejudice.

## Claims Subject to Dismissal

### Counts 1, 2, and 5 – Fourteenth Amendment

In connection with Counts 1, 2, and 5, Plaintiff also invokes the Fourteenth Amendment. Presumably, this is because the Eighth Amendment applies to the States through the Due Process Clause of the Fourteenth Amendment, and Plaintiff brings his claims in federal court against state officials.  *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (citing *Robinson v. California*, 370 U.S. 660, 666 (1962)).

To be clear, however, the First Amended Complaint supports no independent Fourteenth Amendment due process claim against the defendants, based on their alleged mishandling, delay, or denial of his grievances.  "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."  *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution.  *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).  A cause of action also does not arise where a plaintiff files a grievance, and simply disagrees with the outcome.  *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005).  Plaintiff cannot proceed with any Fourteenth Amendment due process claims in Counts 1, 2, and 5, and these claims shall be dismissed with prejudice from this action.

### Counts 1, 2, and 5 – State Constitutional Claims

Plaintiff also cannot proceed with his state constitutional claims in Counts 1, 2, and 5. He refers to violations of Art. I, §§ 1, 2, 4, 5, 6, 11, 12, 19, and 24 of the Illinois Constitution.

However, Plaintiff does not explain, even in basic terms, why he invoked these constitutional provisions.

Where a district court has original jurisdiction over a civil rights action filed pursuant to 42 U.S.C. § 1983, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)). In this case, Plaintiff has drawn no connection between his factual allegations, his references to the state constitution, and his claims arising therefrom.

Even if these state claims arise from the same set of facts as the federal claims, however, none of the state constitutional claims survive threshold review. Plaintiff peppered his First Amended Complaint with a long list of state constitutional provisions. This alone is insufficient to state a claim. Like bald factual assertions, conclusory legal statements, fail to provide the Court and the defendants sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Court cannot analyze such claims, and the defendants cannot respond to or defend against them. The state constitutional claims referred to throughout the First Amended Complaint, particularly in conjunction with Counts 1 and 2, do not survive screening under *Twombly* or *Iqbal*. Accordingly, the state constitutional claims shall be dismissed without prejudice.

**Count 3 – Negligence**

A defendant can never be held liable under § 1983 for negligence, and this claim shall also be dismissed. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d

285, 290 (7th Cir. 1995).  This is because "[m]ere negligence or even gross negligence does not constitute deliberate indifference."  *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).  In addition, "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim."  *Gutierrez*, 111 F.3d at 1374.

Even if the Court exercises supplemental jurisdiction over the state law negligence claim, this First Amended Complaint supports no such claim.  *See* 28 U.S.C. § 1367(a).  Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records).  *See* 735 Ill. Comp. Stat. §5/2-622(a).[1]  A separate affidavit and report shall be filed as to each defendant.  *See* 735 Ill. Comp. Stat. § 5/2-622(b).

---

[1] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010. *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety).  After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010). The Illinois legislature re-enacted and amended 735 Ill. Comp. Stat. § 5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section. *See* notes on Validity of 735 Ill. Comp. Stat. § 5/2-622 (West 2013).

Failure to file the required certificate/affidavit is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In the instant case, Plaintiff has failed to file the necessary affidavit/certificate and report. Therefore, the claim in Count 3 shall be dismissed. However, the dismissal shall be without prejudice at this time, and Plaintiff will be allowed 28 days (**on or before February 21, 2017**) to file the required affidavit if he wishes to revive the claim and pursue it in this action. Should Plaintiff fail to timely file the required affidavits, the dismissal of Count 3 shall become a dismissal with prejudice upon the expiration of this deadline. *See* FED. R. CIV. P. 41(b).

## Count 4 – Retaliation

Plaintiff claims that virtually every action taken by the defendants was part of a conspiracy to retaliate against him for filing grievances at Lawrence and Menard to complain about the conditions of his confinement. He asserts alternative theories in support of his retaliation claim. For example, Plaintiff claims that Lawrence officials transferred him to Menard in retaliation for filing grievances. He also asserts that Federke transferred him to various cells and placed restrictions on his commissary privileges at Menard in retaliation for filing grievances. In addition, Plaintiff claims that all of the defendants conspired to retaliate

16

against him for filing grievances by denying him medical care.  In each instance, the allegations are insufficient to support a retaliation claim.

In the prison context, an inmate alleging retaliation must identify the reasons for the retaliation, as well as the "act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s).  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  In other words, the "bare minimum" required to state a retaliation claim are the facts that would apprise the defendant of what the plaintiff did to provoke the alleged retaliation and how each defendant responded.  *Higgs*, 286 F.3d at 439.  The First Amended Complaint falls short of satisfying this standard.

Although Plaintiff consistently identifies grievances as the protected activity that motivated the retaliation by defendants, he does not indicate *which* grievances spurred the retaliation, he does not describe the content of any grievances with sufficient detail to locate them in his voluminous exhibits, and he does not set forth a chronology of events which otherwise suggests that his grievances motivated the retaliation.  *See Walker v. Thompson*, 288 F.3d 1005, 1012 (7th Cir. 2012) ("a plaintiff alleging retaliation must reference, at a minimum, the suit or grievance spawning the retaliation and the acts that constitute the retaliatory conduct.") (Ripple, J. concurring)).  *See also Higgs*, 286 F.3d at 439 ("Had Higgs merely alleged that the defendants . . . retaliated against him for filing a suit without identifying the suit or the act or acts claimed to have constituted retaliation, the complaint would be insufficient. . . .").  The First Amended Complaint lacks sufficient allegations to support a retaliation claim against the defendants under this standard.

Having failed to articulate a claim of retaliation, the conspiracy claim also fails.  Conspiracy is not an independent basis of liability in Section 1983 actions.  *See Smith v. Gomez,*

550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000).  *See Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002).  "There is no constitutional violation in conspiring to cover-up an action which does not itself violate the Constitution."  *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996).  Accordingly, Count 4 shall be dismissed, in its entirety, without prejudice for failure to state a claim upon which relief may be granted.

### Count 6 – Equal Protection

Plaintiff's Fourteenth Amendment equal protection claim does not survive screening for the same reason many of his other claims fail to pass muster under § 1915A.  The allegations in the First Amended Complaint are too thin to support a claim under *Twombly* and/or *Iqbal*.  Accordingly, this claim shall also be dismissed without prejudice.

To state a claim for a denial of equal protection, plaintiffs typically must show that they are members of a protected class, that they are otherwise similarly situated to members of the unprotected class, and that they were treated differently than members of the unprotected class.  *Chavez v. Ill. State Police*, 251 F.3d at 635-36 (citations omitted).  *See also Srail v. Village of Lisle*, 588 F.3d 940, 943 (7th Cir. 2009).  "[P]laintiffs must prove that the defendants' actions had a discriminatory effect and were motivated by a discriminatory purpose."  *Chavez*, 251 F.3d at 635-36.  Actions may have a discriminatory effect if a plaintiff is treated differently than similarly situated individuals.  *Id*. at 636.  Plaintiff includes no allegations that satisfy these requirements in the First Amended Complaint.

Alternatively, a plaintiff may bring a "class-of-one" discrimination claim.  A plaintiff bringing this type of claim must allege that he "has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment."  *Id.* at 943. In order to state a plausible claim, the plaintiff must "negate any reasonably conceivable state of

facts that could provide a rational basis" for the treatment. *Jackson v. Village of Western Springs*, 612 F. App'x 842, 847 (7th Cir. 2015). Here again, the First Amended Complaint fails to state a claim.

Plaintiff offers no basis for his discrimination claim. The allegations offered in support of this claim make little sense. Plaintiff alleges:

> Each of the Defendants' – based on Plaintiff's written grievances to the Defendant Wardens, verbal complaints made to Defendant rounding C.O.'s, Plaintiff's physical appearance, and examinations provided by Wexford Defendants and CCJ Medical Records – were personally aware of the nature of Plaintiff's grievances regarding his Medical Treatments and/or lack thereof, Pain and suffering combined with retaliation for writing grievances and making pleas for pain management relief as well as to cure and diagnose as well as to adequate treat such pains and ailments effecting the Plaintiff.

(Doc. 12, p. 41). The Court cannot discern whether Plaintiff intended to bring this claim based on his membership in a suspect class or as a "class of one." Either way, the claim is subject to dismissal because Plaintiff also fails to allege that he was subject to discriminatory treatment of any kind.

His related claim under 42 U.S.C. § 1985 is also subject to dismissal. Section 1985 prohibits conspiracies to interfere with certain civil rights. However, in order to state a claim under §§ 1985(2) and (3), a plaintiff must allege race- or class-based animus. *Jackson*, 612 F. App'x 842, 847 (7th Cir. 2015) (*Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Wright v. Ill. Dep't of Children & Family Servs.*, 40 F.3d 1492, 1507 (7th Cir. 1994)). Plaintiff has not mentioned either in connection with his equal protection claim.

The allegations offered in support of the equal protection claim are muddled and nonsensical. The allegations present no plausible claim against any of the defendants. Under the circumstances, Count 6 shall also be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Count 8 – FTCA

Plaintiff designated this action as one brought pursuant to 42 U.S.C. § 1983 *and* the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680.  Besides checking the box for an FTCA claim on the first page of his amended pleading, however, Plaintiff makes no other reference to the FTCA in the First Amended Complaint.  The FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials.  The only named defendants are state officials.  Therefore, Plaintiff's claims do not fall within the jurisdiction of the FTCA.  Accordingly, Count 8 shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## Parties Subject to Dismissal

The Court deems it appropriate to dismiss 11 of the 29 defendants from this action, including: Shicker, Federke, Funk, Rauner, Hodge,[5] Nurse John Does ##1-3, and Nurse Jane Does ##1-3.  Plaintiff offers virtually no allegations in support of any claims against them.  As a result, the Court is unable to ascertain what claims, if any, Plaintiff has against these defendants.

The reason that plaintiffs are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Twombly*, 550 U.S. at 555 (internal quotation omitted).  Thus, where a plaintiff has not included a defendant in his statement of the claim, the

---

[5] Plaintiff includes some allegations against this defendant in his First Amended Complaint, but not enough to demonstrate any personal involvement in a constitutional deprivation.  The allegations against Warden Hodge focus on the warden's retaliatory decision to transfer Plaintiff to Menard.  However, Plaintiff does not allege that the warden actually made the transfer decision.  And, as already discussed in this Order, Plaintiff fails to satisfy the requirements for stating a retaliation claim against anyone.

defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  Accordingly, Defendants Shicker, Federke, Funk, Rauner, Hodge, Nurse John Does ##1-3, and Nurse Jane Does ##1-3 shall be dismissed without prejudice from this action.

### Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with Counts 1, 2, and 5 against Grievance Officer John Doe and Intake Nurse John/Jane Doe.  Before service of the First Amended Complaint (Doc. 12) can be made on them, these individuals must be identified with particularity.  Where a complaint states specific allegations describing conduct of individual prison officials sufficient to raise a constitutional claim, but the names of those defendants are not known, the plaintiff should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

In this case, several Menard officials are already named as defendants, and the First Amended Complaint states claims against them.  These defendants shall respond to discovery aimed at identifying Grievance Officer John Doe and Intake Nurse John/Jane Doe with particularity.  Guidelines for discovery will be set by the United States Magistrate Judge.  Once the names of these defendants are discovered, Plaintiff shall file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the First Amended Complaint.

**Pending Motions**

Prior to filing his First Amended Complaint (Doc. 12), Plaintiff filed two Motions to Add Exhibits (Docs. 6 and 8) to his original Complaint.  The Court does not accept piecemeal amendments to complaints, and voluminous exhibits are unnecessary at this early stage in the case.  *See* FED. R. CIV. P. 26-37.  Further, the proposed exhibits were intended to supplement the original Compliant, which has now been superseded and replaced by Plaintiff's First Amended Complaint.  The original Complaint is considered void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  For these reasons, Plaintiff's two Motions to Add Exhibits (Docs. 6 and 8) are **DENIED** as **MOOT**.

**Disposition**

The Clerk is directed to **ADD** "**John/Jane Doe (Menard Intake Nurse)**" and "**John Doe (Menard Grievance Officer)**" as the only two unknown defendants in this action in CM/ECF.

The Clerk is also directed to **TERMINATE** the following defendants as parties in CM/ECF, based on Plaintiff's failure to sufficiently plead claims against them: **LOUIS SHICKER, SERGEANT FEDERKE, SANDRA FUNK, BRUCE RAUNER, MARC HODGE, NURSE JOHN DOES ##1-3,** and **NURSE JANE DOES ##1-3.**  All claims against these defendants are **DISMISSED** without prejudice.

**IT IS HEREBY ORDERED** that **COUNTS 3, 4,** and **6** are **DISMISSED** without prejudice and **COUNT 8** is **DISMISSED** with prejudice, all for failure to state a claim upon which relief may be granted.  In addition, the Illinois state constitutional claims in **COUNTS 1, 2,** and **5** are **DISMISSED** without prejudice, and the Fourteenth Amendment due process claims in **COUNTS 1, 2,** and **5** are **DISMISSED** with prejudice for the same reason.

**IT IS ORDERED** that, if Plaintiff wishes to revive Count 3, he must file the required

affidavits in this case on or before **February 21, 2017.**  Should Plaintiff fail to timely file the required affidavits, the dismissal of Count 3 will become a dismissal with prejudice upon the expiration of this deadline.  *See* FED. R. CIV. P. 41(b).

IT IS ORDERED that any claims not addressed in this Order are considered **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that the Eighth Amendment claims in **COUNTS 1, 2,** and **5** are subject to further review against the following defendants: **DOCTOR RITZ, ROBERT SHEARING, JOHN TROST, M. MOLDENHAUER, FE FUENTES, McGLORN, GAIL WALLS, ANGELA CRAIN, CINDY McDANIELS, RICHARD FERRELL, RICHARD HARRINGTON, KIMBERLY BUTLER, JACQUELINE LASHBROOK, ANGELA GROTT, BILLIE GREER, INTAKE NURSE JOHN/JANE DOE (once identified),** and **GRIEVANCE OFFICER JOHN DOE (once identified)**.  The same claims are **DISMISSED** without prejudice against all other defendants for failure to state a claim upon which relief may be granted.

IT IS ALSO ORDERED that **COUNT 7** is subject to further review against Defendant **SALVADOR GODINEZ** and **JOHN BALDWIN (in their official capacities only)**.  This same claim is **DISMISSED** with prejudice against all other defendants.

With regard to **COUNTS 1, 2, 5,** and **7**, Plaintiff has neither sought nor been granted leave to proceed *in forma pauperis* in this action, and the Court will not automatically appoint the United States Marshal to effect service of process upon Defendants **SALVADOR GODINEZ, JOHN BALDWIN, DOCTOR RITZ, ROBERT SHEARING, JOHN TROST, M. MOLDENHAUER, FE FUENTES, McGLORN, GAIL WALLS, ANGELA CRAIN, CINDY McDANIELS, RICHARD FERRELL, RICHARD HARRINGTON, KIMBERLY**

**BUTLER, JACQUELINE LASHBROOK, ANGELA GROTT, BILLIE GREER, INTAKE NURSE JOHN/JANE DOE (once identified),** and **GRIEVANCE OFFICER JOHN DOE (once identified)**.  However, if Plaintiff desires to request the appointment of the United States Marshal to serve process on these defendants, Plaintiff shall file a Motion for Service of Process at Government Expense, within 28 days of the date of entry of this order **on or before February 21, 2017**.  The Clerk of Court is **DIRECTED** to mail to Plaintiff the Court's Pro Se Litigant Guide, containing forms and instructions for filing said motion.

If Plaintiff does not timely file a Motion for Service of Process at Government Expense, it shall be Plaintiff's responsibility to have Defendants served with a summons and copy of the First Amended Complaint (Doc. 12) pursuant to Federal Rule of Civil Procedure 4.  Plaintiff is advised that only a non-party may serve a summons.  *See* FED. R. CIV. P. 4(c)(2).

If Plaintiff requests the appointment of the United States Marshal, the Clerk of Court shall prepare a summons and copies of the First Amended Complaint (Doc. 12) and this Memorandum and Order for each defendant, and shall forward the same to the United States Marshal for service.  If Plaintiff does not file a Motion for Service of Process at Government Expense within 28 days as ordered, the Clerk shall then prepare a summons for each defendant, and shall forward the summonses and sufficient copies of the First Amended Complaint and this Memorandum and Order to Plaintiff so that he may have defendants served.

Plaintiff is **ORDERED** to serve upon defendants or, if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or defendant's counsel.  Any paper received by a district judge or magistrate judge which has not

been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that service on Defendants **JOHN DOE (Menard Grievance Officer)** and **JOHN/JANE DOE (Menard Intake Nurse)** shall not be effected until such time as Plaintiff has identified these defendants by name in a properly filed Motion for Substitution.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

**IT IS FURTHER ORDERED** that, with respect to a defendant who no longer can be found at the work address provided by Plaintiff, if the United States Marshal is appointed to serve process pursuant to a motion by Plaintiff, the employer shall furnish the United States Marshal with the defendant's current work address, or, if not known, the defendant's last-known address.   This information shall be used only for effecting service of process.   Any documentation of the address shall be retained only by the Marshal.   Address information shall not be maintained in the court file or disclosed by the Marshal.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a plan for discovery aimed at identifying the unknown defendants (John Doe (Menard Grievance Officer) and John/Jane Doe (Menard Intake Nurse)).

Further, this entire matter is **REFERRED** to United States Magistrate Judge **Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: 1/23/2017**

<u>s/ MICHAEL J. REAGAN</u>
  **Chief Judge**
**U.S. District Court**